IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| SANJUANA PEREZ, § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| v. § | Civil Action No. 4:14-cv-39-O | |
| § | | |
| CAROLYN W. COLVIN, § | | |
| § | | |
| Defendant. § | | |
| § | | |

## ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

The United States Magistrate Judge made findings, conclusions, and a recommendation in this case. *See* Findings, Conclusions, & Recommendation ("FCR"), ECF No. 19. The Magistrate Judge recommended that the Court affirm the Commissioner's decision. Plaintiff objected, Defendant responded to those objections, and Plaintiff filed a reply. *See* Pl.'s Objections, ECF No. 20; Def.'s Resp., ECF No. 22; Pl.'s Reply, ECF No. 23. The Court has conducted a de novo review of those portions of the proposed findings and recommendation to which an objection was made and reviewed the remaining portions for plain error.

**I.    BACKGROUND**

This action arises out of Plaintiff's denial of social security benefits from the Social Security Administration. In January 2011, Plaintiff applied for disability insurance benefits and supplemental security income, alleging that her disability began on January 11, 2011. Tr. 8, 175-89. After Plaintiff's applications were denied upon initial review and upon reconsideration, she requested a hearing before an administrative law judge ("ALJ"). Tr. 8, 96-103, 107-13. The ALJ held hearings

on the denials of Plaintiff's applications. Tr. 5-19, 34-91. Ultimately, the ALJ issued an unfavorable decision for Plaintiff on December 18, 2012. *Id.* On November 29, 2013, the Appeals Council denied Plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner in Plaintiff's case. Tr. 1-4.

On January 22, 2014, Plaintiff filed the instant civil action, seeking review of the ALJ's decision. *See* Compl., ECF No. 1. The United States Magistrate Judge entered his findings of fact, conclusions of law, and recommendation to the District Judge. FCR, ECF No. 19. The Magistrate Judge recommended that the Court affirm the Commissioner's decision. *Id.* Plaintiff timely objected, arguing that the ALJ's decision was not supported by substantial evidence. Pl.'s Objections, ECF No. 20. Specifically, Plaintiff contends that the evidence establishes the existence of a severe depressive disorder that would entitle her to disability insurance benefits and supplemental security income. *Id.* Plaintiff's objections have been fully briefed, and this action is ripe for adjudication.

## II.   LEGAL STANDARD

The Social Security Administration uses a five-step process to determine whether an individual is disabled. *See* 20 C.F.R. § 404.1520(a)(4). The steps are followed in order, and if at any step the Commissioner determines that the claimant is disabled or not disabled, the evaluation does not go on to the next step. *Id.* The five steps consider: (1) whether the claimant is engaged in substantial gainful activity; (2) the medical severity of the claimant's impairments; (3) whether the claimant's medical impairment or combination of impairments meets or medically equals the criteria listed in the Listing of Impairments; (4) the claimant's residual functional capacity and past relevant work; and (5) whether the combination of the claimant's residual functional capacity, age, education, and work experience allow for adjustments to be made to permit the claimant to work. *See id.* If the

impairment is severe but does not meet or equal a listed mental impairment, then the Commissioner must conduct a residual functional capacity assessment. *Id.* at § 404.1520a(d)(3).

Judicial review of the Commissioner's denial of benefits is limited to whether the Commissioner's position is supported by substantial evidence and whether the Commissioner applied proper legal standards in evaluating the evidence. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994); 42 U.S.C. §§ 405(g), 1383(C)(3). Substantial evidence is defined as more than a scintilla, less than a preponderance, and as being such relevant and sufficient evidence as a reasonable mind might accept as adequate to support a conclusion. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995). In applying the substantial evidence standard, the reviewing court does not re-weigh the evidence, retry the issues, or substitute its own judgment, but rather, scrutinizes the record to determine whether substantial evidence is present. *Greenspan*, 38 F.3d at 236. A finding of no substantial evidence is appropriate only if there is a conspicuous absence of credible evidentiary choices or contrary medical findings to support the Commissioner's decision. *Johnson v. Bowen*, 864 F.2d 340, 343-44 (5th Cir. 1988).

The scope of judicial review of a decision under the supplemental security income program is identical to that of a decision under the social security disability program. *Davis v. Heckler*, 759 F.2d 432, 435 (5th Cir. 1985). Moreover, the relevant law and regulations governing the determination of disability under a claim for disability insurance benefits are identical to those governing the determination under a claim for supplemental security income. *See id.* Thus, the Court may rely on decisions in both areas without distinction in reviewing an ALJ's decision. *See id.*

### III. ANALYSIS

Plaintiff argues that the ALJ failed to consider all of Plaintiff's impairments (at step two),

and the ALJ's residual functional capacity determination is not supported by substantial evidence (at step five). Pl.'s Objections 2, ECF No. 20. Further, Plaintiff contends that the ALJ's conclusion that Plaintiff can perform alternative jobs is also not supported by substantial evidence. *Id.* Analogizing to *Loza v. Apfel*, 219 F.3d 378, 393 (5th Cir. 2000), and *Stone v. Heckler*, 752 F.2d 1099, 1106 (5th Cir. 1985), Plaintiff maintains that the ALJ applied the wrong legal standard in evaluating Plaintiff's claims. *Id.*

For the first step, the ALJ, giving Plaintiff the benefit of the doubt, found that Plaintiff did not engage in substantial gainful activity subsequent to the onset of her disability. Tr. 10; *see also* 20 C.F.R. § 404.1520(a)(4)(i). Accordingly, the ALJ moved on to step two.

For the second step, the ALJ determined that Plaintiff suffered from a severe combination of impairments. Tr. 11; *see also* 20 C.F.R. § 404.1520(a)(4)(ii). The list of combined impairments included "major depressive disorder." Tr. 11.

> In determining whether a claimant's physical or mental impairments are of sufficient medical severity as could be the basis of eligibility under the law, the ALJ is required to consider the combined effects of all impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity.

*Loza*, 219 F.3d at 393 (5th Cir. 2000) (citing 20 C.F.R. § 404.1523). Specifically, the ALJ did not find all of Plaintiff's impairments to be severe, but he determined that the combination of all of Plaintiffs impairments made them sufficiently severe to satisfy the second step. Tr. 11 n.1. Plaintiff seems to challenge the ALJ's findings of severity, but it appears from the ALJ's decision that the second step was favorable to Plaintiff, and the ALJ moved on to step three. *Id.* at 11.

For the third step, the ALJ found that Plaintiff's severe combination of impairments did not meet or medically equal the criteria listed in the Listing of Impairments. *Id.*; *see also* 20 C.F.R. §

4

404.1520(a)(4)(iii). Plaintiff does not challenge this in her Objections. In accordance with 20 C.F.R. § 404.1520a(d)(3), the ALJ moved on and assessed Plaintiff's residual functional capacity.

For the fourth step, the ALJ determined that, in spite of her severe combination of impairments, Plaintiff retained the residual functional capacity to get through an eight-hour work day. Tr. 11; *see also* 20 C.F.R. § 404.1520(a)(4)(iv). Specifically, the ALJ relied on evidence that indicated Plaintiff could sit for eight hours per day as well as stand and walk with a cane intermittently. Tr. 11. In determining her residual functional capacity, it appears that the ALJ considered both Plaintiff's physical and mental impairments. *Id.* at 11-14. In discussing Plaintiff's mental impairment, the ALJ relied on evidence that Plaintiff was "stable" with medication, and she exhibited good concentration, an intact memory, and logical thought processes after having not taken her medication for one month. *Id.* at 14. Plaintiff argues that the ALJ's finding that the combination of Plaintiff's impairments as severe should have resulted in the ALJ finding that Plaintiff suffered from functional limitations. Pl.'s Objections 4, ECF No. 20. However, it does appear that the ALJ considered Plaintiff's limitations, even though he ultimately found that Plaintiff retained the residual functional capacity to work through an eight-hour day. *See* Tr. 11. Assuming *arguendo* that a finding of a severe combination of impairments would automatically result in a finding of no residual functional capacity, the analysis would stop at step two. However, the regulations require that if the Commissioner cannot make a finding of disabled or not disabled at a step, the Commissioner is required to move on to the next step. *See* 20 C.F.R. § 404.1520(a)(4). It appears that, although the ALJ found that Plaintiff had a severe combination of impairments, the ALJ properly continued his analysis because he had not yet determined whether Plaintiff was disabled. *See* Tr. 11-18.

The next question is whether the ALJ's residual functional capacity determination is

5

supported by substantial evidence. It is true that Dr. Olivier found that Plaintiff suffered from major depressive disorder. Tr. 1006-11. However, the ALJ relied on other evidence showing that Plaintiff was able to perform her daily activities with limited restrictions, including cleaning her home, doing laundry, driving a motor vehicle, shopping for groceries, paying bills, attending church, visiting with family members in their home, exercising at home, caring for her children, and preparing meals. *Id.* at 16. Although the ALJ did not expressly indicate that these activities spoke to both Plaintiff's physical and mental capabilities, they in fact do. As discussed above, the ALJ considered Plaintiff's mental impairment, including evidence that Plaintiff was "stable" with medication, and she exhibited good concentration, an intact memory, and logical thought processes after having not taken her medication for one month. *Id.* at 14. Additionally, the ALJ noted that Plaintiff's credibility was questionable because she exhibited some drug-seeking behavior and has exaggerated her symptoms. *Id.* at 16-17. Thus, it appears that the ALJ weighed all of the evidence in making his determination. Accordingly, the ALJ's findings in this area were supported by substantial evidence. *See Leggett*, 67 F.3d at 564.

For the fifth and final step, the ALJ found that, while Plaintiff could probably not return to her previous work, with proper adjustments, she could engage in substantial gainful activity. Tr. 17-19; *see also* 20 C.F.R. § 404.1520(a)(4)(v). Although Plaintiff could no longer perform her past relevant work, the ALJ noted that, given Plaintiff's age, education, work experience, and residual functional capacity, there were positions within the national economy that Plaintiff could perform. Tr. 17-19. Because the ALJ found that Plaintiff retains residual functional capacity, he asked a vocational expert to consider Plaintiff's experience to determine whether she could work in different positions. *Id.* at 18. The vocational expert listed several opportunities that Plaintiff could take to

continue working, while considering her limitations, and the ALJ accepted the vocational expert's opinions. *Id.* Thus, the ALJ's findings in this area were supported by substantial evidence. *See Leggett*, 67 F.3d at 564.

Because the ALJ found that Plaintiff could engage in substantial gainful activity with the proper adjustments, the ALJ found that Plaintiff was not disabled and denied her claims. Tr. 19. The Court finds that the ALJ applied the correct legal and regulatory standards, and the ALJ's findings are supported by substantial evidence.

## IV. CONCLUSION

Based on the foregoing, the Court **ACCEPTS** the Findings, Conclusions, and Recommendation of the Magistrate Judge as the findings of the Court. Plaintiff's objections are **OVERRULED**. Accordingly, the Commissioner's decision is **AFFIRMED**. The Court shall issue its Final Judgment separately.

**SO ORDERED** on this **30th day** of **March, 2015**.

_____
Reed O'Connor
UNITED STATES DISTRICT JUDGE